IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL SHAWN CLAYTON,

        Petitioner,

vs.                                                                                                                                                     No. CIV 18-1151 JB/KK

FNU LNU, WARDEN,

        Respondent.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court, under rule 4 of the Rules Governing Section 2254 Proceedings, on the Motion for Reconsideration of Sentence filed December 7, 2018 (Doc. 1)("Motion"). The Court construes the Motion as a habeas corpus petition under 28 U.S.C. § 2254 and dismisses the Motion.

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Michael Shawn Clayton is a prisoner in the custody of the New Mexico Corrections Department. He was convicted and sentenced on multiple charges of larceny, non-residential burglary, and receiving stolen property in three New Mexico state court proceedings, No. D-1116-CR-2012-01052, No. D-1116-CR-2012-01109, and No. D-1116-CR-2012-01123. The Court has reviewed the official record in Clayton's state court proceedings through the Supreme Court of New Mexico's Secured Online Public Access ("SOPA") and takes judicial notice of the official New Mexico court records. See United States v. Ahidley, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007)(stating that the Court may take judicial notice of publicly filed records in this court and other courts concerning matters that bear directly upon the disposition of the case at hand); Shoulders v. Dinwiddie, CIV 06-0890, 2006 WL 2792671 (W.D. Okla. 2006)(Cauthron, J.)(stating that the court may take judicial notice of state court records available on the world wide

web including docket sheets in district courts); Stack v. McCotter, CIV No. 02-4157, 2003 WL 22422416 (10th Cir. 2003)(unpublished)(concluding that the state district court's docket sheet is an official court record subject to judicial notice under Fed. R. Evid. 201).[1]

Final Judgment was entered in Clayton's state criminal cases on June 19, 2013. On May 2, 2014, Clayton then filed a Motion to Reconsider Sentence under Rule 5-801 NMRA. The Court denied the Motion as "not well taken" on May 5, 2014. Clayton filed a second Motion to Reconsider Sentence in state court on May 3, 2018. The state court again denied Clayton's Motion, this time on the grounds that the state courts lose jurisdiction under Rule 5-801 after 90 days, and more than 90 days had elapsed since entry of the Judgment in Clayton's criminal cases.

Clayton then filed his Motion. The Motion is similar to the motions that he filed in state court. His Motion states that he:

> seeks relief under Rule 5-801 which states that 'changing a sentence from a sentence of incarceration to a sentence of probation shall constitute a permissible reduction of sentence under this paragraph.

Motion at 2. He further states that the "Court can consider post-conviction rehabilitation a cause

---

[1] Stack v. McCotter is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . And we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court finds that Stack v. McCotter and the other cited unpublished Tenth Circuit cases have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

for relief."  Motion at 2-3.

## LAW REGARDING FAILURE TO STATE A CLAIM

Clayton is proceeding pro se and in forma pauperis.  The Court has the discretion to dismiss a pro se complaint sua sponte for failure to state a claim upon which relief may be granted under rule 12(b)(6) of the Federal Rules of Civil Procedure.  A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Under rule 12(b)(6), the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading.  See Bell Atl. Corp. v. Twombly, 550 U.S. at 555; Dunn v. White, 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged."  Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991)(quoting McKinney v. Okla. Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. Twombly, 550 U.S. at 570.  The Court liberally construes the factual allegations in reviewing a pro se complaint.  See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).  However, the same legal standards that apply to all litigants are the same legal standards by which the Court judges a pro se plaintiff's pleadings, and a pro se plaintiff must abide by the applicable rules of court.  See Ogden v. San Juan Cty., 32 F.3d 452, 455 (10th Cir. 1994).  The Court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims.  Nor may the court assume the role of advocate for the pro se litigant.  See Hall v. Bellmon, 935 F.2d at 1110.

## **LAW GOVERNING § 2254 CLAIMS**

Clayton has not used a federal habeas petition form. The relief he requests, however, is modification of his State court sentence. See Motion. Where a petition challenges the legality of present confinement pursuant to a state court conviction, the court liberally construes the action as seeking a writ of habeas corpus under 28 U.S.C. § 2254. See Preiser v. Rodriguez, 411 U.S. 475, 475 (1973). As a consequence, the Court construes Clayton's filing as a petition for relief from a conviction or sentence by a person in State custody under 28 U.S.C. § 2254.

A prisoner in state custody may seek federal habeas corpus relief under 28 U.S.C. § 2254. Section 2254 provides: "[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). As amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, 28 U.S.C. § 2254 sets limits on a federal court's power to grant an application for a writ of habeas corpus. If, as in this case, the application includes a claim that has been adjudicated on the merits in state court proceedings, § 2254(d) expressly limits federal court review. Under § 2254(d), a habeas corpus application "shall not be granted with respect to [such a] claim . . . unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) and (2). Under this standard, a federal habeas court "reviews the specific reasons given by the state court and defer to those reasons if they are reasonable." Wilson v. Sellers, 138 S.Ct. 1188, 1192 (2018). The standard is highly deferential to the state court rulings

and demands that the state court be given the benefit of the doubt. See Harrington v. Richter, 562 U.S. 86, 101 (2011); Woodford v. Visciotti, 537 U.S. 19, 24 (2002)(per curiam). The standard is difficult for petitioners to meet in federal habeas proceedings under 28 U.S.C. § 2254. See Cullen v. Pinholster, 563 U.S. 170, 181 (2011).

Section 2254(d)(1)'s reference to "clearly established Federal law, as determined by the Supreme Court of the United States," refers to the holdings of the Supreme Court's decisions as of the time of the relevant state-court decision. Williams v. Taylor, 529 U.S. 362, 412 (2000). Under § 2254(d)(1), a state-court decision is "contrary to" the Supreme Court's clearly established law if it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [that] precedent." Williams v. Taylor, 529 U.S. at 405-06. A state court need not cite, or even be aware of, applicable Supreme Court decisions, "so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8 (2002)(per curiam).

A state court decision is an "unreasonable application" of clearly established Supreme Court law if the decision "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Williams v. Taylor, 529 U.S. at 407-08. A district Court undertakes this objective unreasonableness inquiry in view of the governing rule's specificity: "The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." Yarborough v. Alvarado, 541 U.S. 652, 664 (2004). An unreasonable application of federal law is not the same as an incorrect application of federal law. See Williams v. Taylor, 529 U.S. at 410. A federal court may not issue a habeas corpus writ simply because that court concludes the state court decision applied clearly established federal law erroneously or

incorrectly -- the application must also be unreasonable.  See Williams v. Taylor. at 411; Harrington v. Richter, 562 U.S. at 98.  The AEDPA authorizes issuance of a writ only in cases where there is no possibility that fair-minded jurists could disagree that the state court's decision conflicts with Supreme Court precedents.  See Harrington v. Richter. 562 U.S. at 102.

Habeas corpus relief is available only where the petitioner contends that his custody is in violation of the Constitution, or the laws or treaties, of the United States.  See 28 U.S.C. § 2254(a).  The federal courts cannot grant habeas relief for errors of state law.  See Estelle v. McGuire, 502 U.S. 62, 67 (1991).  If the state court did not follow its own rules, this error will not give rise to habeas relief unless failure to follow the rules also constituted a violation of due process that the federal constitution guarantees.  See Hicks v. Oklahoma, 447 U.S. 343, 346 (1980); Aycox v. Lytle, 196 F.3d 1174, 1180 (10th Cir.1999).

Under the AEDPA,  a one-year statute of limitations governs for a writ of habeas corpus by a person in state custody.  See 28 U.S.C. § 2244(d).  Section 2244(d)(1) states:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d) further provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this

subsection." 28 U.S.C. § 2244(d)(2). The one-year AEDPA statute of limitations for filing a § 2254 petition runs from the time that the conviction becomes final and is subject to statutory tolling. See 28 U.S.C. § 2244(d). This one-year statute of limitations is tolled while "a properly filed application for [s]tate post-conviction" relief is "pending." 28 U.S.C. § 2244(d)(2). Until a state habeas petition "has achieved final resolution through the state's post-conviction procedures, by definition it remains 'pending.'" Carey v. Saffold, 536 U.S. 214, 219-20 (2002). See also Holland v. Florida, 560 U.S. 631, 635, 638, (2010).

To determine the point at which a petitioner's state habeas proceedings become complete, the Court looks to the state's procedural rules. See Wade v. Battle, 379 F.3d 1254, 1260-62 (11th Cir. 2004). The one-year statute-of-limitations clock begins to run again when the proceedings on the state habeas corpus petition are finally concluded. See Holland v. Florida, 560 U.S. at 638 (stating that, when state habeas corpus proceedings were concluded, the statute of limitations clock began to tick when the State Supreme Court issued its mandate). A § 2254 petition filed after the one-year period has expired is time-barred. See 28 U.S.C. § 2244(d). Dismissal of a § 2254 habeas corpus petition on the grounds that it is time-barred properly proceeds under rule 12(b)(6) of the Federal Rules of Civil Procedure. See Aguilera v. Kirkpatrick, 241 F.3d 1286, 1290 (10th Cir. 2001).

The one-year statute of limitations may be subject to equitable tolling. Equitable tolling is available only when an inmate diligently pursues his claims and demonstrates that extraordinary circumstances beyond his control caused his failure to file timely. See Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000); Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003). Ignorance of the law, ignorance of the limitation period, and inability to obtain legal assistance do not excuse the failure to file within the statutory time period. See Miller v. Marr, 141 F.3d 976, 977-78 (10th

Cir. 1998); Sanders v. Mahaffey, No. 00-6101, 2000 WL 1730893, at *2 (10th Cir. Nov. 22, 2000)(unpublished); Washington v. United States, No. 99-3383, 2000 WL 985885, at *2 (10th Cir. July 18, 2000)(unpublished).

## ANALYSIS

Clayton's Motion does not state any claim for § 2254 relief. Clayton expressly states that he seeks relief under a New Mexico state court rule 5-801. See Motion at 1-2. He does not contend that his custody is in violation of the United States Constitution or laws. See 28 U.S.C. § 2254(a). Instead, he appears to ask this Court to review the state court's failure to grant reconsideration of his convictions and sentence under rule 5-801. Although Clayton makes mention of "double jeopardy" and that his counsel did not inform him of certain options, he does not allege any federal error in his conviction or sentence, which is required to state a federal habeas claim under 28 U.S.C. § 2254(d). See Motion at 2-3; Turrentine v. Mullin, 390 F.3d 1181, 1189 (10th Cir. 2004)("In applying 28 U.S.C. § 2254(d), we ask whether the state court decision was contrary to or involved an unreasonable application of that clearly established federal law."); Lambert v. Workman, 594 F.3d 1260, 1263 (10th Cir. 2010)(concluding that habeas relief was not permitted on a double jeopardy claim, because there was no clearly established Supreme Court or Tenth Circuit precedent with similar facts).

Clayton does not claim that he is in custody in violation of Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). State court Rule 5-801 does not implicate any federal constitutional or legal right to reconsideration of his sentence and does not afford any basis for relief in federal court. See Hicks v. Oklahoma, 447 U.S. at 346; Aycox v. Lytle, 196 F.3d at 1180. Clayton's Motion does not state any claim for relief under 28 U.S.C. § 2254, because he is not

challenging his custody as a violation of constitutional or federal law, and there is no right to § 2254 relief for alleged violation of a state court rule. Aycox v. Lytle, 196 F.3d at 1180.

Further, even if Clayton's Motion states a claim for federal habeas corpus relief, on the face of his Motion, the one-year statute of limitations still would bar his claims. Because all of the claims asserted by Clayton were available to him from the time the Judgments were entered in his criminal cases on June 19, 2013, the limitation period of § 2244(d)(1)(A) is the applicable period in this case. The one-year period governing Clayton's § 2254 claims, then, arguably began to run in 2013 after the time for taking an appeal from the June 19, 2013, Judgments expired. See Harris v. Dinwiddie, 642 F.3d 902, 906 n. 6 (10th Cir. 2011); NMRA Rule 12-201(A)(2). The one-year statute of limitations would have run one year later, in 2014.

A period of approximately eleven months elapsed before Clayton's next state court filing of a Motion to Reconsider Sentence on May 2, 2014. The Motion to Reconsider would generally not be treated as a tolling motion for purposes of the one-year limitations period. See Carey v. Saffold, 536 U.S. at 219-20; Holland v. Florida, 560 U.S. at 635, 638. Even if the one-year period had not already expired and the motion was treated as a tolling motion, the statute of limitations would have begun to run again after the state court denied his Motion on May 5, 2014. See Holland v. Florida, 560 U.S. at 638. Clayton did not file his second state court Motion for Reconsideration until May 3, 2018, and he did not file his § 2254 Motion for writ of habeas corpus in this Court until December 7, 2018, more than four years after final disposition of his original Motion for Reconsideration. Even using the May 5, 2014, date to commence the running of the statute of limitations, Clayton's habeas corpus action was barred before he filed either his second Motion to Reconsider Sentence in state court or his federal habeas corpus Motion in the Court. See 28 U.S.C. § 2254(d).

Clayton filed his Motion long after the expiration of the one-year limitations period. No basis exists for tolling of the statute of limitations. The statute of limitations under § 2244(d), therefore, bars Clayton's claims under 28 U.S.C. § 2254. Clayton's § 2254 Motion fails to state a claim on which relief can be granted, and the Court must dismiss his Motion under 28 U.S.C. § 2244(d) and rule 12(b)(6) of the Federal Rules of Civil Procedure. Under Rule 11 of the Rules Governing Section 2254 Cases, because Clayton did not make a substantial showing of denial of a constitutional right, the Court will also deny a certificate of appealability.

**IT IS ORDERED** that: (i) Petitioner's Motion to Reconsider Sentence is dismissed on the grounds that it fails to state a 28 U.S.C. § 2254 claim for relief and is barred by the one-year statute of limitations in 28 U.S.C. § 2244(d); and (ii) a certificate of appealability is denied.

_____
UNITED STATES DISTRICT JUDGE

*Parties*:

Michael Shawn Clayton

    *Petitioner Pro Se*